# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | CIVIL ACTION NO. **3:CV-13-2971** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| MONICA RECKTENWALD, WARDEN, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I.      Procedural Background.**

On December 11, 2013, Petitioner Rafael Santos, an inmate at FCI-Allenwood, White Deer, Pennsylvania, filed, *pro se*, his **fourth** Petition for Writ of Habeas Corpus with this Court under 28 U.S.C. § 2241.  (Doc. 1). Petitioner paid the filing fee on January 29, 2013.

We find that Petitioner Santos' fourth habeas petition is barred by the abuse-of-the writ doctrine, is a successive petition, and that a §2255 motion is his proper remedy with respect to his continued challenge to his federal conviction and sentence to life imprisonment. Since Petitioner Santos had three (3) prior opportunities to justify his §2241 habeas petition and to plead the validity of his present claim, we find that the Court can sua sponte dismiss his instant petition as an abuse of the writ without giving him notice and a chance to respond.   Regardless, we also find that Petitioner's instant petition is subject to dismissal as a successive petition and for lack of jurisdiction.

Petitioner Santos filed his first  §2241 habeas petition with this Court on August 19, 2002. *See Santos v. Dodrill*, Civil No. 02-1449, M.D. Pa.   Petitioner claimed that §2255 was inadequate and ineffective to challenge his conviction and life sentence based on the case of *Ring v. Arizona,*

536 U.S. 584, 122 S.Ct. 2428 (2002), since he claimed that *Ring* created a new substantive rule of criminal law. We agreed with Respondent that Petitioner's first habeas petition should be dismissed for lack of jurisdiction. On April 3, 2003, we issued a Report and Recommendation ("R&R") and recommend that Petitioner Santos' Civil No. 02-1449 habeas petition be dismissed for lack of jurisdiction since § 2255 was his remedy. On May 14, 2003, the Court adopted our R&R and closed the case.

Petitioner Santos then filed his second §2241 habeas petition with this Court on August 19, 2010. *See Santos v. Ebbert*, Civil No. 10-1746, M.D. Pa. On September 23, 2010, we issued an R&R and recommended that Petitioner Santos' Civil No. 10-1746 habeas petition be dismissed. Specifically, we recommended that Petitioner's habeas claim relating to his pay grade be dismissed since it was not a core habeas claim and it was not cognizable in a § 2241 habeas petition. On December 3, 2010, the Court adopted our R&R in Civil No. 10-1746 and closed the case.

On December 8, 2011, Petitioner Santos filed his third §2241 habeas petition with this Court, *Santos v. Ebbert* Civil No. 11-2270, M.D. Pa. Petitioner Santos claimed, in part, that he only shot himself in the hand and shot into the floor. Petitioner stated that he had a Motion under 18 U.S.C. §3600 pending with the District Court for the Southern District of New York seeking a DNA test on a bullet recovered from the apartment which was alleged to have been a round from his gun which struck federal agent Travers. Petitioner stated that the bullet which struck Travers ballistically matched another federal agent's gun and not his (Petitioner's) gun. Petitioner contended that the bullet used as evidence at his criminal trial to show that he shot Travers was actually the bullet from his gun which struck him (not Travers) and that DNA testing will prove that the bullet from his gun

2

was not the one that hit Travers. Petitioner also claimed that the DNA testing would show that the bullet which his Travers had to have come from the gun of another federal agent.

On January 31, 2012, we issued an R&R and recommended that Petitioner Santos' §2241 Petition for Writ of Habeas Corpus filed in Civil No. 11-2270 be dismissed, without directing service of it on Respondent, for lack of jurisdiction. Petitioner filed Objections to our R&R. On May 10, 2012, the Court adopted our R&R and dismissed Petitioner's Civil No. 11-2270 habeas case for lack of jurisdiction. The Court issued a 17-page Memorandum along with an Order and fully discussed why Petitioner Santos' claims, including his claim regarding his request for DAN testing on the bullet used as trial evidence, did not show his actual innocence and that Santos failed to show cause why he did not raise this issue when he filed his first §2255 motion with the trial court.

Also, Santos filed a *Bivens* civil rights with this Court on January 6, 2011. *See Santos v. United States*, Civil No. 11-0040, M.D. Pa. On July 22, 2011, we issued an R&R and recommended that Defendant Corrective Care, Inc., be dismissed from this case under Rule 4(m) without prejudice. We also recommended that Defendant United States' Motion for Summary Judgment be granted. On August 11, 2011, the Court adopted our R&R in Civil No. 11-0040 and closed the case.

Additionally, Santos filed an FTCA action with this Court on July 13, 2012. *See Santos v. United States*, Civil No. 12-1363, M.D. Pa. On August 8, 2012, the Court adopted our R&R and granted Defendant United States' Motion to Dismiss. The Court then closed this case.

Now, as stated, Petitioner Santos files his fourth §2241 habeas petition with this Court again challenging his federal conviction and life sentence. We again find that Petitioner 's latest attempt to gain his release from prison to be unavailing. Basically, the main difference between Petitioner's Civil No. 11-2270 habeas case and his present petition is that the sentencing court has denied his motion for DNA testing. Thus, Petitioner now seeks this Court to order DNA testing on the bullet since he was not successful with the sentencing court.

Named as Respondent in the present habeas petition is FCI-Allenwood Warden Monica Rectenwald.[1] The habeas petition has not yet been served on Respondent for a response.

We now give preliminary consideration to Santos' fourth habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.); *Francis v. U.S.*, 2009 WL 1010522 (M.D. Pa.); *Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.[2] We find that the Court should dismiss Petitioner Santos' fourth §2241 habeas petition for lack of jurisdiction since we again find that a §2255 motion is his remedy. *See Romero*

---

[1] Petitioner named the correct Respondent, Warden Rectenwald. Since this action is a §2241 habeas petition, and since Petitioner is presently confined at FCI-Allenwood, the Warden at this prison is the proper Respondent. *See* 28 U.S.C. § 2242 and § 2243. *See Rivera v. Scism*, Civil No. 10-1773, M.D. Pa. Petitioner correctly filed his habeas petition with this Court since he is incarcerated in the Middle District of Pennsylvania. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

[2] Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

*v. Holt,* 240 Fed. Appx. 934 (3d Cir. 2007). As stated, we also find that Petitioner Santos' fourth habeas petition is barred by the abuse-of-the writ doctrine and that it is a successive petition.

In *Romero v. Holt*, Petitioner Romero was a co-Defendant of Petitioner Santos and Albert Rodriguez in a narcotic trafficking case in the Southern District of New York, which is the criminal case at issue herein, *U.S. v. Santos*, 897 F. 2d 47 (2d Cir. 1990). Romero filed a §2241 habeas petition similar to the habeas petition Petitioner Santos filed in Civil No. 11-2270, Middle District of Pennsylvania. Romero claimed, in part, the he was actually innocent of conspiring to murder a federal agent. This Court dismissed Romero's habeas petition for lack of jurisdiction since it found, with respect to most of Romero's claims, that §2255 was an adequate remedy. *See Romero v. Holt*, 2007 3437360 (M.D. Pa. 11-29-06), affirmed 240 Fed. Appx. 934 (3d Cir. 2007). Also, as stated, this Court found in Petitioner Santos' Civil No. 11-2270 case the a §2255 motion was his proper remedy regarding his habeas claims, including his claim that a DNA test would prove that his gun did not fire the bullet which struck federal agent Travers.

In his Civil No. 11-2270 case, Petitioner Santos, like Romero, stated that he was actually innocent of the crimes of conspiring to murder a federal officer, attempted murder of a federal officer, assaulting a federal officer with a weapon, and conspiracy to distribute more than 5 kilograms of cocaine. As mentioned, we recommended that the Court dismiss Petitioner Santos' third §2241 habeas petition, Civil No. 11-2270, for lack of jurisdiction over his claims that he was actually innocent of conspiracy to murder a federal officer and attempted murder of a federal officer since §2255 was an adequate remedy to raise his claims. *See Romero v. Holt*, 2007 3437360 (M.D. Pa. 11-29-06), affirmed 240 Fed. Appx. 934 (3d Cir. 2007). We found that

Petitioner Santos must file a motion with the Second Circuit Court of Appeals for permission to file a successive §2255 motion to raise his instant claims. The Court adopted our R&R and on May 10, 2012, dismissed Petitioner's Civil No. 11-2270 habeas case for lack of jurisdiction.

## II.     Factual Background.

In *Romero v. Holt*, 2007 3437360 (M.D. Pa. 11-29-06), this Court stated the background of Santos' and Romero's criminal prosecution in the Southern District of New York as follows:

> Romero and two other individuals, Albert Rodriguez and Rafael Santos, were convicted of crimes stemming from a narcotics trafficking incident in New York City.FN1 In 1988, Romero and Rodriguez sold cocaine to two Drug Enforcement Administration confidential informants. During the drug transaction, Santos hid in a nearby closet, armed with a .357 Magnum revolver, in case anything went wrong. When DEA agents raided the apartment, Romero and Rodriguez were apprehended but Santos shot an agent in the face, causing serious injury. The subsequent gun battle injured Santos and one of the DEA informants.
> FN1. We look to the facts as presented in Romero's direct appeal, *Romero v. U.S.,* 897 F.2d 47 (2d Cir.1990).

*See also U.S. v. Santos*, 897 F. 2d 47 (2d Cir. 1990).

Moreover, in our R&R's filed in Petitioner Santos' first §2241 habeas case, #02-1449, and his second habeas case, Civil No. 11-2270 , we stated the following background regarding Petitioner Santos' federal conviction and sentence:[3]

> In 1989, the Petitioner [Santos] was convicted of all seven counts contained in a superseding indictment in the United States District Court for the Southern District of New York, including conspiracy to violate the federal narcotics law, in violation of

---

[3]As stated above, in Petitioner Santos' Civil No. 02-1449 habeas case, Petitioner claimed that his life imprisonment sentence was unconstitutionally enhanced in light of the Supreme Court case of *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002), since the aggravating factors which were used to increase his sentence were not submitted to the jury. This Court found that Petitioner's recourse was to file a motion under 28 U.S.C. § 2255.

21 U.S.C. § 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. Petitioner was also convicted of firearms violations under § 924 (c) and 26 U.S.C. §§ 5861 and 5871. Further, Petitioner was convicted of assault of a federal officer, conspiracy to murder a federal officer, and attempted murder of said officer. (#02-1449 Doc. 3, pp. 1.-2.). In May 1989, Petitioner was sentenced to life imprisonment plus five years to run consecutive to all others. (*Id*. at p. 4).

Petitioner filed a direct appeal of his conviction and sentence to the United States Court of Appeals for the Second Circuit. (#02-1449 Doc. 3, p. 4). The Second Circuit affirmed Petitioner's conviction and sentence on February 20, 1990. *See U.S. v. Santos*, 897 F. 2d 47 (2d Cir. 1990). Petitioner filed a petition of writ of *certiorari* with the United States Supreme Court, which was denied on February 19, 1991. *See Santos v. U.S.*, 498 U.S. 1092 (1991). Subsequently, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the District Court. (#02-1449 Doc. 3, p. 5). The District Court denied Petitioner's § 2255 motion on July 16, 1993. *See Santos v. U.S.*, No. 93 Civ. 3025, 1993 WL 276087 (S.D. N.Y. 1993). Petitioner filed a motion for reconsideration with the District Court, which was denied on August 18, 1993. (*Id*.).

On May 13, 1996, Petitioner filed a second § 2255 motion, but he moved to voluntarily dismiss it. In 2002, Petitioner filed yet another § 2255 motion, his third, which was denied. (*Id*. at p. 6). The Petitioner then filed his case #02-1449, §2241 Habeas Petition in the Middle District of Pennsylvania on August 19, 2002.

As indicated above, Petitioner's habeas petitions in cases Civil No. 02-1449 and Civil No. 11-2270 were dismissed by this Court for lack of jurisdiction. Also, as stated, in Petitioner's habeas petition case Civil No. 11-2270, in which Petitioner raised his claim regarding how DNA testing on the bullet which struck agent Trevers would exonerate him, this Court issued a 17-page Memorandum containing a thorough discussion why the case was subject to dismissal by for lack of jurisdiction.

Petitioner Santos now files yet his fourth §2241 habeas petition with this Court on December 11, 2013. (Doc. 1). Petitioner Santos is presently serving his federal life sentence at FCI-Allenwood.

We shall recommend that the Petitioner Santos' fourth §2241 habeas petition be dismissed for lack of jurisdiction since §2255 is Petitioner's remedy with respect to his habeas claim. We also find that Petitioner Santos' fourth habeas petition is barred by the abuse-of-the writ doctrine and that it is a successive petition.

**III.     Claim of Habeas Petition.**

In his fourth §2241 habeas petition filed with this Court, Petitioner again claims that he is actually innocent of the offenses of conspiracy to murder and attempted murder of a federal agent (Travers) since the bullet (from his gun) presented as evidence at his criminal trial to prove the charges against him was the bullet that injured him and not Travers. Petitioner claims that a DNA test on the bullet will prove that he is innocent of his convicted offenses, will exonerate him, and essentially will result in his life sentence being vacated. As relief, Petitioner requests this Court to order DNA testing of the bullet used as trial evidence against him. Petitioner states in his habeas petition that he attached an order, seemingly from the federal sentencing court, denying his request for DNA testing under 18 U.S.C. §3600, but he did not attach any order to his petition. (Doc. 1, p. 4). As indicated above, Petitioner referenced in his third habeas petition (Civil No. 11-2270) his motion for DNA testing under 18 U.S.C. §3600 which he filed with the District Court for Southern District of New York and stated that it was pending. It now appears that the federal sentencing court denied Petitioner's request for DNA testing under 18 U.S.C. §3600, which Petitioner mistakenly believes allows him to file his instant habeas petition seeking this Court to order the DNA testing on the bullet.

In his Civil No. 11-2270 habeas case, Petitioner claimed, in part, that the "Group 33 [DEA] Agents" who entered the apartment on the day of the shooting incident for which he was charged and convicted, came in shooting and that it was the federal agents who accidentally shot Agent Travers, and not him. Petitioner stated that he only shot himself in the hand and shot into the floor. Petitioner stated that he had a Motion filed under 18 U.S.C. §3600 pending with the Southern District of New York Court seeking a DNA test on a bullet recovered from the apartment which was alleged to have been a round fired from his gun which struck Travers. Petitioner stated that the bullet ballistically matched a federal agent's gun and not his gun. Petitioner contended that the bullet claimed to have hit Travers was actually the bullet from his gun which struck him (not Travers) and, that DNA testing would prove that the bullet from his gun was not the bullet that hit Travers. Also, Petitioner requested that this Court transfer his Civil No. 11-2270 habeas petition to the Southern District of New York to be considered with his Motion for DNA testing. Petitioner attached a copy of his Southern District of New York Motion for DNA testing to his Civil No. 11-2270 habeas petition as one of his exhibits.

As stated, in his instant habeas petition, Petitioner indicates that the Southern District of New York denied his Motion for DNA testing. Petitioner again claims that he is actually innocent of the charges for which he was convicted and sentenced since he states that the DNA testing on the bullet will prove that he did not shoot agent Travers. Thus, Petitioner again claims that he is actually innocent of the stated charges for which he was convicted and received his life sentence.

As mentioned, we again find that Petitioner's remedy with respect to his stated claim is to file a Motion to file a Successive Section 2255 Motion with the Second Circuit Court of Appeals. *See*

*Romero, supra; Fake v. Yost,* 416 Fed.Appx. 133 (3d Cir. 2011)(Third Circuit affirmed District Court's finding that §2255 motion was adequate for inmate to raise his claim under *Brady)*.

**IV.     Discussion.**

In the present case, Petitioner Santos seeks this Court to order DNA testing on the bullet to prove that he did not shoot agent Travers. Petitioner basically indicates that this will result in his life-sentence imposed by the sentencing District Court, Southern District of New York, to be vacated and entitle him to be re-sentence based on his claim that he is actually innocent of the crimes for which he was convicted and sentenced to life imprisonment. As we previously stated, Petitioner filed three §2255 motions, two of which were denied. Petitioner does not state that he filed a motion with the Second Circuit for permission to file a fourth §2255 motion. In any event, Petitioner again appears to contend that §2255 is inadequate and ineffective for him to raise his present claim since the District Court for the Southern District of New York denied his Motion for DNA testing. Based again on *Romero, supra*, and on Santos' Civil No. 11-2270 habeas case, we again find that Petitioner Santos' present § 2241 habeas petition should be dismissed for lack of jurisdiction.

Specifically, as this Court found in Petitioner's Civil No. 11-2270 habeas case, § 2255 is an adequate and effective remedy for Petitioner to raise his instant habeas claim challenging the legality of his life prison sentence. Petitioner could raise his present habeas claim in a §2255 motion. We do not find that Petitioner Santos' claim challenging his federal convictions and life sentence amount to one that he was convicted of conduct later found to be non-criminal by a change in the law. In fact, as stated, Petitioner merely denies he was guilty of the charged offenses primarily based on his claim that DNA testing on the bullet will show he did not shoot Agent Travers. As stated, Petitioner

contends that he did not shoot Agent Travers and that if this Court orders DNA testing on the bullet, it will prove this. Further, we again do not find that Petitioner Santos' claim involves an intervening change in the substantive law that would negate the criminal nature of his conduct for which he was convicted and sentenced. *See Romero, supra; Gardner v. Holt,* 2011 WL 5520447 (M.D. Pa. 9-14-11) adopted by 2011 WL 5520297 (M.D. Pa. 11-14-11); *Winfield v. Bledsoe*, 2011 WL 5509871 (M.D. Pa. 5-31-11) adopted by 2011 WL 5509849 (M.D. Pa. 11-10-11).

Simply because Petitioner Santos' three prior §2255 motions were denied and dismissed by the sentencing District Court (Southern District of New York Court) and simply because his Motion, filed under 18 U.S.C. §3600, seeking a DNA test on the bullet was denied by the sentencing District Court, does not render a §2255 motion as inadequate or ineffective for Petitioner to raise his present claim. Suffice to say that, based on the very similar *Romero* case in the Middle District of Pennsylvania District Court, we again find Petitioner Santos' present habeas claim must be raised *via* a §2255 motion. *See Romero, supra; Santos,* Civil No. 11-2270.

In *Romero*, 240 Fed.Appx. at 935, the Third Circuit stated:

> Romero's § 2241 petition may not be entertained unless a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255. Previous unsuccessful § 2255 motions are not sufficient to show that a §2255 motion is inadequate or ineffective. *Litterio v. Parker,* 369 F.2d 395, 396 (3d Cir.1966); *see also In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997). Romero argues that he should be permitted to seek relief under § 2241 because he is actually innocent. However, Romero has not shown actual innocence. On appeal, the Court of Appeals for the Second Circuit found that there was sufficient evidence against Romero, *see United States v. Romero,* 897 F.2d 47 (2d Cir.1990), and Romero has presented no new evidence showing that "no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell,* 547 U.S. 518, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006). Romero's claim that he is actually innocent of using a firearm based on *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), is without merit. *United States v. Casiano,* 113

    F.3d 420, 427 (3d Cir.1997).

We find that Petitioner Santos' instant claim is not based upon a statutory interpretation that renders the crimes for which he was convicted not criminal. Rather, his claim again deals with the types of crimes he believes he was guilty of as opposed to the crimes he was convicted of based on his allegation that DNA testing will prove he did not shoot agent Travers.

Petitioner Santos is again trying to collaterally attack his May 1989 federal sentence of life imprisonment in his fourth §2241 habeas petition. "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." *Paulino v. U.S.*, 2010 WL 2545547, *2 (W.D. Pa. 6-21-10) citations omitted). Also, as in the *Romero* case and as in Santos' third habeas case, we find that Petitioner Santos' present claim falls within the purview of §2255 since it challenges the validity of his stated convictions and sentence. *See Romero, supra; Manna v. Schultz*, 591 F.3d 664 (3d Cir. 2010)(Third Circuit affirmed District Court's dismissal of §2241 habeas petition in which Petitioner claimed that he was innocent of racketeering and related crimes for which he was convicted since §2255 motion was adequate or effective for Petitioner to raise his claims); *Smart v. Kirby*, 2011 WL 264 7945 (3d Cir. 7-7-11)(Court held that claims amounting to attacks on legality of sentence and to obligations that District Court erred in imposing sentence "presumptively . . . may be raised only in a §2255 motion.")(citing, in part, *U.S. Eakman*, 378 F. 3d 294, 297 (3d Cir. 2004))(other citation omitted).

Notwithstanding his filing of three prior §2255 motions, we again find that § 2255 is an adequate and effective remedy for Petitioner Santos to raise his present claim. *See Hatten v. U.S.*

12

2011 WL 1752249, *2 (M.D. Pa. 4-8-11) adopted by 2011 WL 175085 (M.D. Pa. 5-9-11). In *Hatten*, the Court stated:

> A § 2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante, 437 F.2d 1164, 1165 (3d Cir.1971) (per curiam)* (quoting *United States ex rel. Leguillou v. Davis,* 212 F.2d 681, 684 (3d Cir.1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir.1966)*. It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C.Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate a sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir.1997) (stating the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion). Moreover, "[§ ]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir.2002).

2011 WL 1752249, *2.

Thus, simply because Petitioner Santos has previously attempted to utilize § 2255 three times, and simply because Petitioner must file a motion to file a successive §2255 motion with the Second Circuit Court of Appeals, does not render a §2255 motion as inadequate or ineffective for Petitioner to raise his present claim. *Id.*; *See Romero, supra; Rivera v. Scism*, Civil No. 10-1773, M.D. Pa.; *Blum v Holt*, 2010 WL 2926596 (M.D. Pa. 5-7-10) adopted 2010 WL 2926593 (M.D. Pa. 7-26-10).

We also find that Petitioner Santos' fourth habeas petition is subject to dismissal as a successive petition and as an abuse of the writ. *See Alden v. Warden*, USP-Allenwood, 444 Fed.Appx. 514, 516 (3d Cir. 2011)("[A]buse-of-the-writ doctrine applies to section 2241 petitions; thus, a

Petitioner may not raise new claims that could have been resolved in a previous action.")(quoting *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008)). "And '[i]n a case in which a successive petition includes a claim for relief already fully considered and rejected ... the Petitioner [must] show that 'the ends of justice' would be served by the court entertaining his petition." *Id*.(quoting *Furnari v. U.S. Parole Comm'n*, 531 F.3d 241, 251 (3d Cir. 2008)). This Court already considered Petitioner Santos' claim that DNA testing on the bullet would prove that he did not shoot agent Travers in his third habeas case, Civil No. 11-2270, and found that it lack jurisdiction over it. In his fourth habeas petition, Petitioner Santos does not show "that 'the ends of justice' would be served by the court entertaining his petition." *Id*. Simply because the sentencing court has now denied Santos' motion for DNA testing, does not show that "the ends of justice' will be served by this Court entertaining his fourth habeas petition.

Based on *Romero, supra,* as well as *Santos,* Civil No. 11-2270, and the above cited cases, we find that this Court is without jurisdiction to consider Petitioner Santos' fourth instant §2241 habeas petition. We again find that Petitioner's recourse is to file a motion with the Second Circuit seeking permission to file a successive §2255 motion with respect to his repetitive claim challenging his conviction for shooting a DEA agent (Travers) and his 1989 federal sentence of life imprisonment. Petitioner Santos must seek his relief *via* that vehicle even though he previously filed three § 2255 motions. *Okereke, supra; Santos,* Civil No. 11-2270.

Thus, we will recommend that the Court summarily dismiss Petitioner Santos' fourth habeas petition under Rule 4 since we find that Petitioner's recourse with respect to his present claim is to file a motion with the Second Circuit seeking permission to file a successive §2255 motion.

Based upon the well-settled case law, and in particular *Romero, supra*, and *Santos,* Civil No. 11-2270, we will recommend that Petitioner Santos' fourth habeas corpus petition (Doc. 1) be dismissed for lack of jurisdiction without directing service of it on Respondent.

**V.        Recommendation.**

Based upon the foregoing, it is respectfully recommended that Petitioner Santos' Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 **(Doc. 1)** be dismissed, without directing service of it on Respondent, for lack of jurisdiction.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 12, 2014**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | CIVIL ACTION NO. **3:CV-13-2971** |
| Petitioner | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| MONICA RECKTENWALD, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **February 12, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may result in a waiver of any appellate rights.

                                    **s/ Thomas M. Blewitt**
                                    **THOMAS M. BLEWITT**
                                    **United States Magistrate Judge**

**Dated:  February 12, 2014**