FILED
SCRANTON
MAY 5 - 2014
PER DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RAFAEL SANTOS, :
Petitioner : CIVIL NO. 3:13-CV-2971
v. : (JUDGE NEALON)
: (MAGISTRATE JUDGE BLEWITT)
MONICA RECTENWALD, WARDEN, :
Respondent :

**MEMORANDUM**

On December 11, 2013, Petitioner Rafael Santos, an inmate currently incarcerated at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his 1989 criminal conviction in the United States District Court for the Southern District of New York. (Doc. 1). He alleges actual innocence and the denial of due process because his requests for DNA testing have been denied. (Id.). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, Magistrate Judge Thomas M. Blewitt screened the petition. See U.S.C. Sec. 2254 Cases R. 4; Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (Nealon, J.) (applying the Rules Governing Section 2254 Cases to a section 2241 petition under Rule 1(b)). On February 12, 2014, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the habeas petition be dismissed. (Doc. 5). On February 26, 2014, Petitioner filed objections to the R&R. (Doc. 6). For the reasons set forth below, the R&R will be adopted.

**Background**

The R&R thoroughly outlines the factual and procedural history of this case, which will be adopted and will not be repeated in detail herein. See (Doc. 5, pp. 1-8). It is noted that

Petitioner was convicted of drug and firearms charges and of charges for seriously injuring a federal agent by shooting him in the face during a drug raid. (Id.) (citing United States v. Romero, 897 F.2d 47, 49 (2d Cir. 1990), cert. denied, 497 U.S. 1010 (1990)). See also United States v. Romero, et al., No. 1:88-cr-642 (S.D.N.Y. September 20, 1988). He was sentenced to life imprisonment plus a consecutive five (5) years. (Id.). His conviction and sentence were affirmed on direct appeal and a petition of writ of certiorari was denied by the United States Supreme Court. Id.

Significantly, Magistrate Judge Blewitt explains that Petitioner has filed at least three motions to vacate pursuant to 28 U.S.C. § 2255, all of which have been denied or withdrawn. (Doc. 5, pp. 7-8); See, e.g. Santos v. USA, 1:08-cv-3213 (S.D. N.Y. April 1, 2008) (transferring the section 2255 motions to the Second Circuit Court of Appeals as successive petitions requiring preauthorization, which was denied); Santos v. USA, 1:06-cv-561 (S.D. N.Y. January 24, 2006) (transferring the section 2255 motion to the Second Circuit Court of Appeals as a successive petition, but authorization to file was later denied); Santos v. USA, 1:04-cv-2750 (S.D. N.Y. April 12, 2004) (transferring Petitioner's section 2255 motion to the Court of Appeals as a successive petition, but authorization to file was denied); Santos v. United States, et al., 1:97-cv-1587 (S.D. N.Y. March 10, 1997) (transferring the section 2255 motion to the Second Circuit Court of Appeals for authorization, which was subsequently denied); Santos v. United States, 1993 U.S. Dist. LEXIS 9735 (S.D.N.Y. 1993) (denying the section 2255 motion on procedural default grounds). Additionally, the Second Circuit Court of Appeals has denied Petitioner's request for authorization to file a second or successive petition. Id. The Magistrate Judge states that Petitioner has also filed three prior habeas petitions under 28 U.S.C. § 2241.

(Doc. 5, pp. 1-3), discussing Santos v. Ebbert, 3:11-cv-2270 (M.D. Pa. December 8, 2011) (Nealon, J.) (dismissing the section 2241 petition, which raised Brady violations for the government's failure to disclose information regarding alleged misconduct of certain DEA agents and Petitioner's actual innocence which he claimed could be proven by DNA testing of the bullet, for lack of jurisdiction as a successive section 2255 motion); Santos v. Ebbert, No. 3:10-cv-1746 (M.D. Pa. August 19, 2010) (Nealon, J.) (dismissing the section 2241 petition, which sought to reinstate Petitioner's grade-one pay status, because the claim asserted therein was not cognizable in habeas corpus); Santos v. Dodrill, No. 3:02-cv-1449 (M.D. Pa. filed August 19, 2002) (Nealon, J.) (dismissing the section 2241 petition, which challenged Petitioner's sentence based on Ring v. Arizona, 536 U.S. 584 (2002)[1], for lack of jurisdiction because 28 U.S.C. § 2255 provided an adequate and effective remedy), aff'd, Appeal No. 03-2571 (3d Cir. filed October 30, 2003).

Magistrate Judge Blewitt determines that the instant habeas petition, Petitioner's fourth under 28 U.S.C. § 2241, again alleges Petitioner's actual innocence of the offenses of conspiracy to murder and attempted murder of a federal agent because the bullet that injured the DEA agent was allegedly not fired from his gun, which he claims can be proven with DNA testing. (Doc. 5, p. 8). Petitioner also alleges due process violations for the denial of his requests for DNA testing. See (Doc. 1, p. 4).

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. §

[1]The United States Supreme Court in Ring held that it is unconstitutional for a sentencing judge, sitting without a jury, to find aggravating factors necessary to impose the death penalty.

636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.); Cf. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.) (In the absence of objections, review may properly be limited to ascertaining whether there is clear error.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney, 749 F.2d at 7.

**Discussion**

The R&R explains that a "motion under 28 U.S.C. § 2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." (Doc. 5, p. 12) (quoting Paulino v. United States, 2010 U.S. Dist. LEXIS 61100 (W.D. Pa. 2010)). Magistrate Judge Blewitt finds that the instant habeas claims fall within the purview of section 2255 because they challenge the validity of Petitioner's conviction and sentence. (Id.), citing Romero v. Holts, 2006 U.S. Dist. LEXIS 86807 (M.D. Pa. Nov. 29, 2006) (Caldwell, J.) (dismissing the section 2241 petition for lack of jurisdiction because the remedy under section 2255 was not inadequate or ineffective to test, inter alia, Romero's claim of actual innocence), aff'd, 240 Fed. Appx. 934 (3d Cir. 2007). Moreover, the

Magistrate Judge determines that despite Petitioner's prior section 2255 motions, 28 U.S.C. § 2255 is an adequate and effective remedy for him to raise the present claims. (Id.), citing Hatten v. United States, 2011 U.S. Dist. LEXIS 50531, *6-7 (M.D. Pa. 2011) (Mannion, M.J.) (explaining that the "burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness" and that it "is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative"), adopted by 2011 U.S. Dist. LEXIS 49167 (M.D. Pa. 2011) (Caldwell, J.). Importantly, "a prior unsuccessful motion to vacate a sentence does not render the remedy inadequate or ineffective" and section "2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." Id. (quoting Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002)). The Magistrate Judge recommends that the instant petition be dismissed for lack of jurisdiction because Petitioner must seek authorization from the Second Circuit Court of Appeals to file a successive section 2255 motion. (Doc. 5, pp. 12-14). Magistrate Judge Blewitt concludes that the petition is also subject to dismissal as an abuse of the writ. (Id. at pp. 13-14), citing Alden v. Warden, USP-Allenwood, 444 Fed. Appx. 514, 516 (3d Cir. 2011).

In his objections to the R&R, Petitioner argues that his prior motions were actually administrative relief requests and "entirely separate from what [his] last 2241 that deals [sic] only directly with [his] ongoing quest to prove [his] innocense [sic] from a conviction of attempted murder." (Doc. 6, p. 1). He claims that his motions, "made for Administrative reasons", were turned into section 2255 motions and that he is now barred from filing a successive section 2255 motion. (Id. at p. 2). He asserts that he should therefore be allowed to proceed under 28 U.S.C.

§ 2241, and that he is actually innocent.[2] (Id.).

After de novo review, this Court finds Petitioner's objections to be without merit. Contrary to his argument, his prior motions were not merely administrative relief requests. See Santos v. USA, Appeal Nos. 08-4410, 08-1666, 08-1678 (2d Cir. November 20, 2008) (holding that the District Court for the Southern District of New York "properly concluded that the Petitioner's motions for writ of error coram nobis and audita querela were successive § 2255 motions within the meaning of 28 U.S.C. § 2255(h) and properly transferring them to this Court", and finding no good cause for allowing him to file a successive section 2255 petition). Additionally, as Magistrate Judge Blewitt correctly explained, the fact that Petitioner is now procedurally barred from filing a section 2555 motion does not render the remedy inadequate or ineffective. (Doc. 5, p. 13) (quoting Cradle, 290 F.3d at 539).

This Court agrees with the Magistrate Judge that Petitioner's claims must be presented in a section 2255 action before the United States District Court for the Southern District of New York and that this Court lacks jurisdiction. See Lugo v. Zickefoose, 427 Fed. Appx. 89, 92 (3d Cir. 2011) (holding that the court of confinement lacks jurisdiction to consider a prisoner's section 2255 motion). Moreover, because this is a successive section 2255 motion, Petitioner must first obtain permission from the Second Circuit Court of Appeals. See 28 U.S.C. §

[2]To the extent Petitioner's actual innocence claim might allow him to proceed under 28 U.S.C. § 2241, the actual innocence exception does not apply because he alleges to be innocent of only some of the charges for which he was convicted. See United States v. Lynch, 807 F. Supp. 2d 224, 230 n.1 (E.D. Pa. 2011) (finding that the Third Circuit Court of Appeals has "suggested that the actual-innocence standard would also apply under an alternative form of collateral review, a habeas corpus petition under § 2241"); United States v. Bates, 2008 U.S. Dist. LEXIS 1096, *18 (M.D. Pa. 2008) (Caputo, J.) (stating that the exception does not apply "where a petitioner is actually innocent of only one charge or one part of his sentence other than the death penalty.").

2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); 28 U.S.C. § 2255(h) ("A second or successive motion must be certified ... by a panel of the appropriate court of appeals..."); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."), cert. denied, 540 U.S. 826 (2003). Accordingly, the instant petition will be dismissed for lack of jurisdiction.[3]

**Conclusion**

Upon de novo review of the R&R, this Court concludes that Magistrate Judge Blewitt correctly determines that this Court does not have jurisdiction to entertain the instant habeas petition. Petitioner's claims are governed by 28 U.S.C. § 2255 and must be raised in the court of conviction, which is the United States District Court for the Southern District of New York. Because Petitioner previously filed a section 2255 motion, however, he must first obtain permission from the Second Circuit Court of Appeals, which he has not. Despite the fact that Petitioner may now be procedurally barred from filing a successive section 2255 motion, the remedy therein is not inadequate or ineffective so as to allow him to proceed under 28 U.S.C. § 2241. Consequently, the R&R will be adopted, Petitioner's objections will be overruled, and the habeas corpus petition will be dismissed. Additionally, based on the reasons stated herein, there

[3]Because the habeas petition will be dismiss for lack of jurisdiction as a successive section 2255 motion, there is no reason to review Magistrate Judge Blewitt's determination that the petition is also subject to dismissal as an abuse of the writ.

is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253.

A separate Order will be issued.

**Date:** May 5, 2014

**United States District Judge**